1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GOLDSMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLERGAN, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 09–CV–7088 PSG<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND PRIVILEGED COMMUNICATIONS |

Pursuant to the Stipulation and Joint Motion of the parties dated May 26, 2010, and good cause appearing, IT IS ORDERED that:

1. This Protective Order shall govern all discovery conducted in connection with this action, *Goldsmith v. Allergan, Inc.*, Case No. 09-CV-7088 PSG (the "Action"), and applies to all documents, the information contained in documents, and all other information produced or disclosed during or in connection with this Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party

1  (the "Receiving Party"), when the same is designated in accordance with
2  the procedures set forth in this Protective Order.
3      2.    Third parties who so elect may avail themselves of, and agree
4  to be bound by, the terms and conditions of this Protective Order and
5  thereby become a Supplying Party for purposes of this Protective Order.
6      3.    The terms "document" and "documents" as used in this
7  Protective Order means all written material, data, photographs,
8  videotapes, live-action film, and all other tangible items, whether
9  produced as a hard copy, CD-ROM, DVD, or in any other electronic
10 format.

## CONFIDENTIAL INFORMATION

12     4.    The term "Confidential Information" as used in this
13 Protective Order means any information that the Supplying Party
14 believes in good faith constitutes, reflects, discloses, or contains
15 information subject to protection under applicable law, whether it is a
16 document, information contained in a document, information revealed
17 during a deposition or other testimony, information revealed in an
18 interrogatory response, or information otherwise revealed.
19     5.    Specific documents and interrogatory responses produced by
20 a Supplying Party shall, if appropriate, be designated as "Confidential
21 Information" by marking the first page of the document and each
22 subsequent page thereof containing Confidential Information and any
23 answer as follows: "**CONFIDENTIAL – SUBJECT TO PROTECTIVE**
24 **ORDER.**"
25     6.    The documents, deposition transcripts, excerpts of deposition
26 transcripts and discovery responses designated "Confidential – Subject
27 to Protective Order" will be those documents, deposition transcripts,
28 excerpts of deposition transcripts and discovery responses that a party

1  believes in good faith constitutes, reflects, discloses, or contains
2  information subject to protection under applicable law.  Confidential
3  Information also includes documents containing private medical
4  information that is protected by HIPAA and other similar statutes. Any
5  documents, deposition transcripts, excerpts of deposition transcripts
6  and/or discovery responses designated "Confidential – Subject to
7  Protective Order" shall not be construed as an admission or an
8  agreement by any party that such documents, deposition transcripts,
9  excerpts of deposition transcripts, or discovery responses constitute
10 competent, material, relevant, or admissible evidence in this case.
11        7.    Any material produced or provided in this Action for
12 inspection is to be treated by the Receiving Party as Confidential
13 Information pending the copying and delivery of any copies of the same
14 by the Supplying Party to the Receiving Party.
15        8.    To the extent that any Confidential Information is used or
16 discussed when taking a deposition, such portions of such depositions
17 shall be taken only in the presence of those persons identified in
18 paragraph 9 and the court reporter and videographer, and all such
19 Confidential Information shall remain subject to the provisions of this
20 Protective Order, along with the transcript pages of the deposition
21 testimony that have been designated "Confidential – Subject to
22 Protective Order" in the manner set forth below.  At the time any
23 Confidential Information is used in any deposition, the reporter and
24 videographer will be informed of this Protective Order and will be
25 required to operate in a manner consistent with this Protective Order.
26 Any Supplying Party who contends that certain portions of a deposition
27 transcript should be subject to the Protective Order shall, within ten
28 calendar days after receipt of the deposition transcript, provide written

1 notice to the Receiving Party identifying by page and line number the
2 portions of the deposition transcript that should be marked
3 "Confidential – Subject to Protective Order." The Receiving Party will
4 then have ten calendar days from service of the written notice to accept,
5 object, counter-designate, or otherwise respond in writing to each
6 portion of the deposition transcript that the other party contends should
7 be marked "Confidential – Subject to Protective Order." Counsel for the
8 parties shall then meet and confer with one another concerning the
9 disputed portions of the deposition transcript. If an agreement cannot
10 be reached between the parties, the Supplying Party shall, within thirty
11 days from the date the meet and confer discussions end, apply to the
12 Court for a ruling that the disputed portions of the deposition transcript
13 should be afforded such status and protection. The Supplying Party who
14 contends that the disputed portions of the deposition transcript should
15 be subject to the Protective Order has the burden of proof to establish
16 that each disputed portion of the deposition transcript should be
17 afforded such status and protection. Pending a ruling by the Court on
18 such a motion, and any appeal or final determination of a writ
19 proceeding from the same, whichever occurs first, this Protective Order
20 shall remain in effect in all respects with respect to the deposition
21 transcript.
22     9.    Confidential Information shall be disclosed by the Receiving
23 Party only to the following persons:
24         a. counsel of record for the Receiving Party, and the attorneys,
25            paralegals, stenographic, and clerical staff employed by such
26            counsel who are working on this Action under the direction of
27            such counsel and to whom it is necessary that the materials
28            be disclosed for purposes of this Action;

b. in-house counsel employed by the Receiving Party with responsibility for this Action, and the paralegals and stenographic and clerical employees of such counsel, and any employee of the Receiving Party to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

c. any outside consultant or expert who is assisting a party in this Action, to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, this Action, regardless of whether the consultant or expert is formally retained by the party itself or by the party's outside counsel, and provided that no disclosure shall be made to any expert or consultant who is currently employed by or currently consults with a competitor of Allergan. Before disclosing Confidential Information to any person identified in Paragraph 9 (other than the Court and its staff) who is, independent of this litigation, a current director, officer, or employee of a pharmaceutical company, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses and pharmaceutical company affiliations of the person(s) to whom the disclosure will be made. If, within the ten day period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until the Court denies the motion objecting to the proposed disclosure, and shall not be disclosed except as permitted by the Court;

    d. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action;

    e. stenographic employees and court reporters recording or transcribing testimony in this Action; and

    f. deposition witnesses, provided that the witness agrees on the record to be bound by the terms of this Protective Order and signs the Certification as required under paragraph 16.

10. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of this Action shall use the Confidential Information only in connection with the prosecution, defense, or appeal of this Action and may not use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in Paragraph 9 of this Protective Order.

11. Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "Confidential Information" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

12. All persons subject to this Protective Order shall not, under any circumstances, post any Confidential Information on the internet, including on any Web site, chat-room, Web log, or blog. The Confidential Information may not, in any way, be distributed or disseminated, electronically or otherwise, to any person, agency, entity, or corporation who is not a party to this Protective Order.

13. To the extent that any person described in paragraph 9 and subject to this Protective Order is served with a subpoena to produce a

Supplying Party's Confidential Information, such person shall promptly notify the Supplying Party's counsel in writing, by email and facsimile, of all of the following: (1) the materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; and (4) the identity of the party serving the subpoena. If a subpoena is served requesting Allergan's Confidential Information, Ellen L. Darling should be notified pursuant to this provision. If a subpoena is served requesting Plaintiff's Confidential Information, Rosemary M. Rivas should be notified pursuant to this provision. The Supplying Party will have up to and including the production date set forth in the subpoena to file objections to or a motion to quash the subpoena in the court from which the subpoena was issued, and the Supplying Party has the burden and the expense of seeking the protection in the applicable court. The person receiving the subpoena or other process shall cooperate with the Supplying Party in any proceeding related thereto. Additionally, the person subpoenaed must inform the subpoena's issuer of this Order and provide the subpoena's issuer with a copy of this Order. No party will object to the Supplying Party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such protected material for the sole purpose of seeking to prevent or restrict disclosure thereof. In no event shall Confidential Information be produced prior to the expiration of ten business days following the date on which the Receiving Party provides notice to the Supplying Party. The Confidential Information shall remain confidential and subject to this Protective Order pending the Court's ruling on the Supplying Party's objections or motion to quash, and any subsequent writ or appeal.

14. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in Paragraph 9 of this Protective Order.

15. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced ("Redesignated Material"), provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any such written redesignation, counsel shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any Redesignated Material who are not entitled to receipt under Paragraph 9. Notwithstanding the foregoing, it is up to the Supplying Party to initiate action, which the Receiving Party will not oppose, to retrieve from the Court or place under seal Redesignated Material that the Receiving Party submitted to the Court prior to the redesignation.

16. Prior to the disclosure of any Confidential Information to any person identified in Paragraph 9 (other than the Court and its staff), such person shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall complete and sign a copy of the Certification that is appended to this Protective Order, acknowledging that he or she has read this

1 Protective Order and shall abide by its terms. A file of all executed
2 Certifications shall be maintained by outside counsel for the party
3 obtaining them and shall be made available, upon request, for inspection
4 by the Court in camera. Persons who come into contact with
5 Confidential Information for clerical or administrative purposes, and
6 who do not retain copies or extracts thereof, are not required to execute
7 Certifications.

8     17. Any party may request at any time permission to disclose
9 Confidential Information to a person other than those permitted under
10 Paragraph 9, or to use such information in a manner otherwise
11 precluded by this Protective Order, by serving a written request upon
12 the Supplying Party's counsel. Any such request shall state the
13 material the party wishes to disclose, to whom it wishes to make
14 disclosure and the reason and purpose therefor. The Supplying Party or
15 its counsel shall thereafter respond to the request in writing (by hand
16 delivery or facsimile transmission) within ten business days of its
17 receipt of such request, and if consent is withheld, it shall state the
18 reasons why consent is being withheld. A failure to so respond within
19 such ten-day period shall constitute a denial of the request. If, where
20 consent is withheld, the Requesting Party and the Supplying Party are
21 subsequently unable to agree on the terms and conditions of disclosure,
22 disclosure may only be made in accordance with the Supplying Party's
23 designation of the material unless and until differing treatment is
24 directed pursuant to an order of the Court.

25     18. Any party may object to the propriety of the designation (or
26 redesignation) of specific material as "Confidential Information" by
27 serving a written objection upon the Supplying Party's counsel. The
28 Supplying Party or its counsel shall thereafter, within ten calendar

-9-
[PROPOSED] PROTECTIVE ORDER

Case 2:09-cv-07088-PSG-E  Document 34-1  Filed 05/26/10  Page 10 of 17

1 days, respond (by hand delivery, facsimile transmission, or email) to
2 such objection in writing by either: (i) agreeing to remove the
3 designation; or (ii) stating the reasons for such designation. If the
4 Objecting Party and the Supplying Party are subsequently unable to
5 agree upon the terms and conditions of disclosure for the material(s) in
6 issue, the Objecting Party may move the Court for an order removing or
7 modifying the disputed designation. On such a motion the Supplying
8 Party shall have the burden of proving that the material is Confidential.
9 The material(s) in issue shall continue to be treated in the manner as
10 designated by the Supplying Party until the Court orders otherwise.

11     19. Notwithstanding any other provisions of this Protective
12 Order, nothing in the foregoing shall restrict any party's counsel from
13 rendering advice to its clients with respect to this Action and, in the
14 course thereof, relying upon Confidential Information, provided that in
15 rendering such advice, counsel shall not disclose any other party's
16 Confidential Information other than in a manner provided for in this
17 Protective Order.

18     20. To the extent that any Confidential Information is, in whole
19 or in part, contained in, incorporated in, reflected in, described in, or
20 attached to any pleading, motion, memorandum, appendix, or other
21 judicial submission, the submission shall be made to the Court only as
22 set forth herein. Such submission shall be filed in accordance with the
23 provisions of L.R. 79-5, Local Rules – Central District of California, as a
24 "Sealed Document" and shall bear the following statement for viewing
25 by the Court:

26                                **CONDITIONALLY UNDER SEAL**
27             **Contents hereof are confidential and are subject to**
28            **a Protective Order of the Court governing the use**

[PROPOSED] PROTECTIVE ORDER

and dissemination of such contents. The contents shall remain sealed and shall not be viewed without express order of the Court.

21. When submitting Confidential Information pursuant to Paragraph 20 of this Protective Order, the submitting party shall submit only those pages of the deposition transcript, document, or other matter containing Confidential Information that are cited, referred to, or specifically relied on by the submitting party. The submitting party shall not submit or lodge the entirety, or other portions, of the deposition transcript, document, or other matter containing Confidential Information.

22. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

23. Upon the conclusion of this Action, including any appeals related thereto, at the written request and option of the Supplying Party, all Confidential Information and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned and/or certified for destruction within thirty calendar days to the Supplying Party, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Confidential Information shall deliver to the Supplying Party an affidavit certifying that reasonable efforts

have been made to assure that all such Confidential Information and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Confidential Information (except for attorney work product and court filed documents as stated above) have been delivered to the Supplying Party in accordance with the terms of this Protective Order.

24. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

25. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

26. This Protective Order does not address the offering of Confidential Information in evidence at trial or any court hearing, but nothing contained in this Protective Order shall preclude any party from moving the Court at an appropriate time for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

## DISCLOSURE OF COMMUNICATIONS COVERED BY THE ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECITON

27. The following provisions of Paragraphs 28 through 31(j) apply to and govern the disclosure, in connection with this Action, of a communication or information covered by the attorney-client privilege or work-production protection.

28. The term "Privileged Information" means and refers to any communication, information, or documents subject to a claim of attorney-client privilege, work product protection, or any other legal privilege protecting the communication, information, or document from discovery.

29. No privilege or protection applicable to any Privileged Information is waived by disclosure of the Privileged Information in connection with this Action. Disclosure of any Privileged Information in connection with this Action is not, shall not constitute, and shall not be deemed to be, a waiver of any applicable privilege or protection in any other federal or state proceeding.

30. If Privileged Information is inadvertently produced to a party or parties ("Inadvertently Produced Privileged Information"), nothing in this Protective Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation, or other authority, to return, and to not review, any privileged documents or attorney work product of a Supplying Party, without needing to be requested by the Supplying Party to do so. Rather, in the event that counsel for any Receiving Party becomes aware that the Receiving Party is in possession of what appears to be Inadvertently Produced Privileged Information, then counsel for the Receiving Party shall immediately: (i) cease any further review of the Inadvertently Produced Privileged Information; (ii) return to the Supplying Party or destroy all copies of the Inadvertently Produced Privileged Information within the possession, custody or control of the Receiving Party; and (iii) take reasonable steps to ensure the return or destruction of any copies of the Inadvertently Produced Privileged Information that the Receiving Party disseminated to other persons.

31. If a party or nonparty discloses or produces (i) Privileged Information or (ii) any other communication, information, or document that the party claims is irrelevant or otherwise nondiscoverable (collectively, "Privileged and/or Nondiscoverable Information"):

    a. The disclosure or production of any Privileged and/or Nondiscoverable Information by the Supplying Party shall not be deemed an admission by the Supplying Party that such Privileged and/or Nondiscoverable Information should be disclosed or produced in this Action.

    b. The Supplying Party may request the return of all Privileged and/or Nondiscoverable Information within a reasonable amount of time after the Supplying Party actually discovers that the Privileged and/or Nondiscoverable Information was produced.

    c. The claw-back request shall be made in writing, shall identify with reasonable particularity (*e.g.*, by Bates number, if available) the Privileged and/or Nondiscoverable Information that the party requests be returned, and shall state the basis for requesting the return of the Privileged and/or Nondiscoverable Information.

    d. Upon receiving the claw-back request, the Receiving Party must return all hard copies of the Privileged and/or Nondiscoverable Information in its possession, custody, or control to the Supplying Party, and the Receiving Party must also permanently delete all electronic copies of the Privileged and/or Nondiscoverable Information in its possession, custody, or control, except that the Receiving Party may— after providing written notice to the Supplying Party—

maintain one sealed copy of the Privileged and/or Nondiscoverable Information for the sole purpose of delivery to the Court for *in camera* review, if necessary.

e. The Receiving Party shall also take reasonable steps to ensure the return or destruction of any copies of the Privileged and/or Nondiscoverable Information that the Receiving Party disseminated to other persons.

f. Within ten business days after receiving the claw-back request from the Supplying Party and subject to Paragraph 32(d) above, the Receiving Party must certify in writing that all hard and electronic copies of the Privileged and/or Nondiscoverable Information identified in the claw-back request have been returned, destroyed, and deleted.

g. If requested in writing by the Receiving Party, the Supplying Party shall provide a privilege log for the Privileged and/or Nondiscoverable Information within ten business days after receiving the written request from the Receiving Party.

h. In the event that the Receiving Party contends the documents are not privileged, protected, or otherwise exempt from discovery as asserted by the Supplying Party, the Receiving Party may, following the return and destruction of the Privileged and/or Nondiscoverable Information, challenge the claim through a motion to compel or other pleading with this Court, subject to the provisions of Rules 26 and 37, Fed. R. Civ. P., and L.R. 37-1 through 37-4, Local Rules – Central District of California. Any review by the Court of the materials or documents in dispute shall be *in camera*.

- 15 -
[PROPOSED] PROTECTIVE ORDER

i. If the Receiving Party does not challenge the Supplying Party's claim of privilege, protection, or exemption from discovery, or if the Court determines that the materials or documents are privileged, protected, or exempt from discovery, the Privileged and/or Nondiscoverable Information and any information derived therefrom shall not be used against the Supplying Party in this Action or in any other state or federal proceeding.

j. Mere failure to diligently screen documents or other information before producing them shall not preclude a party from seeking and obtaining the return of Privileged and/or Nondiscoverable Information and does not waive any applicable privilege, protection, or exemption from discovery in this or any other federal or state proceeding.

## MISCELLANEOUS PROVISION

32. The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

**IT IS SO ORDERED.**

Dated: 5/26/10

~~Philip S. Gutierrez~~ ChaRles F. Eick
United States ~~District Court Judge~~
MAgistRAte Judge

# APPENDIX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN GOLDSMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLERGAN, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 09–CV–7088 PSG<br><br>CERTIFICATION |

The undersigned acknowledges that he or she has read the Protective Order Regarding Confidential and Privileged Information (the "Protective Order"), understands the terms thereof, and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court for purposes of enforcement of the provisions of the Protective Order and understands that the Court may impose sanctions for any violation of the Protective Order.

Dated: _____  _____

Name (type or print)

_____

Signature

11417602